IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, § § | | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-11-3701 |
| DEVINDER BHATIA, Executor of the Estate of Taylor Pickett, Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This life insurance case is before the Court on Plaintiff Transamerica Life Insurance Company's Motion to Strike Defendant/Counter-Plaintiff's Designation of Experts ("Motion to Strike") [Doc. # 18] and Defendant/Counter-Plaintiff Devinder Bhatia's Motion to Extend Time [Doc. # 19].[1]  Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion to Strike and **grants** the Motion to Extend Time.

## I.    BACKGROUND

Many of the facts in this case are undisputed.  Transamerica Life Insurance Company ("Transamerica") issued a life insurance policy on the life of Taylor Pickett

---

[1] Defendant filed a Response [Doc. # 21] to Plaintiff's Motion to Strike, and Plaintiff filed a Reply [Doc. # 24].  Plaintiff filed a Response [Doc. # 20] to Defendant's Motion to Extend Time, and Defendant filed a Reply [Doc. # 22].

effective August 26, 2008. Pickett failed to pay the quarterly premium due on December 9, 2010, causing the insurance policy to lapse. Pickett paid the delinquent quarterly premium on February 7, 2011. Transamerica informed Pickett he was required to seek reinstatement of the life insurance policy, and Pickett began the reinstatement process on March 2, 2011. Pickett died in an airplane crash on April 10, 2011. Bhatia, as Independent Executor of the Estate of Taylor Pickett, filed a claim for the life insurance proceeds. Transamerica denied the claim, asserting that the life insurance policy had lapsed and had not been reinstated at the time of Pickett's death.

Transamerica filed this declaratory judgment action, seeking a declaration that it owes no benefits under the life insurance policy. Defendant filed a counterclaim, asserting causes of action for breach of contract and extra-contractual claims. In the counterclaim, Defendant asserts that Transamerica's acceptance of the premium payment on February 7, 2011, operated to reinstate coverage under the life insurance policy.

On April 10, 2012, the Court entered a Docket Control Order [Doc. # 13] that established a deadline for "Expert Witnesses for Plaintiff/Counter-Plaintiff" of October 12, 2012, and a deadline for "Expert Witnesses for Defendant/Counter-Defendant" of November 12, 2012. Defendant Bhatia designated and provided a

report by Thomas Veitch on November 12, 2012, its deadline as Defendant but one month after its deadline as Counter-Plaintiff.

## II.     ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after a scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

The Court finds that Defendant has established good cause in support of its request to deem timely the expert designation on November 12, 2012. Defendant explains that the October 12, 2012, date for expert designations was incorrectly

entered into counsel's computer calendaring system as the deadline for Plaintiff's expert rather than the deadline for expert witnesses for Counter-Plaintiff also. The deadline for Defendant's expert designation was entered only as November 12, 2012.

The extension of time to allow Defendant's expert designation to be considered timely is important to Defendant's counterclaim. Specifically, the expert's opinions could provide assistance to the fact finder in determining whether acceptance of the February 2011 payment constituted a waiver of the lapse caused by the missed payment or otherwise restored the life insurance policy. The expert's opinions could also assist the fact finder in determining whether Transamerica followed its own practices and procedures or acted unreasonably.

Plaintiff argues that allowing Defendant's untimely designation of its expert will cause prejudice because it deprives Plaintiff of the opportunity to designate an expert in response to Defendant's expert, and will delay the final resolution of this dispute. To the extent Plaintiff has shown prejudice, it can be adequately addressed by providing a new schedule that allows Plaintiff ample time to designate an expert and provide a report, yet extends the docket call deadline by only three weeks.

### III.     CONCLUSION AND ORDER

Defendant has shown good cause for extending its expert designation deadline, and Plaintiff has failed to demonstrate that the Court should strike Defendant's expert.

As a result, Defendant's expert designation is deemed timely, subject to providing updated information and identified supporting materials, and will not be stricken. It is hereby

**ORDERED** that Plaintiff's Motion to Strike [Doc. # 18] is **DENIED**. It is further

**ORDERED** that Defendant's Motion to Extend Time [Doc. # 19] is **GRANTED**. By **January 11, 2013**, Veitch will provide to Plaintiff a copy of all materials listed in Exhibit A to his report and an updated Exhibit C listing all cases in which Veitch has testified at trial or by deposition in 2012. It is further

**ORDERED** that by **February 11, 2013**, Plaintiff may identify and provide a report from its own expert. It is further

**ORDERED** that the following deadlines apply:

| | |
|---|---|
| Discovery Deadline | March 29, 2013 |
| Motions Deadline | April 19, 2013 |
| Joint Pretrial Order Deadline | June 28, 2013 |
| Docket Call (4:00 p.m.) | July 8, 2013 |

SIGNED at Houston, Texas, this **17th** day of **December, 2012**.

Nancy F. Atlas
United States District Judge